Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 200-7858
kwieneke@jshfirm.com
cretts@jshfirm.com

Attorneys for Defendants City of Phoenix,
and City of Phoenix Police Department

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ANTHONY ARAMBULA and LESLEY ARAMBULA, husband and wife; MATTHEW ARAMBULA and ZACHARY ARAMBULA, through their mother and next friend, LESLEY ARAMBULA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PHOENIX, a public entity; CITY OF PHOENIX POLICE DEPARTMENT; DZENAN AHMETOVIC and JAN DOE AHMETOVIC, husband and wife; SEAN COUTTS and JANE DOE COUTTS, husband and wife; BRIAN LILLY and JANE DOE LILLY, husband and wife; JOHN DOE OFFICERS I-X; JANE DOE OFFICERS I-X; JOHN DOE SUPERVISORS I-X; JANE DOE SUPERVISORS I-X; JOHN DOES I-X; JANE DOES I-X; BLACK CORPORATIONS I-S; and WHITE CORPORATIONS I-X,<br><br>Defendants. | NO. 2:09-cv-02103<br><br>**DEFENDANT AHMETOVIC, COUTTS, AND LILLY'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants Ahmetovic, Coutts, and Lilly, through counsel, submit their Answer to Plaintiffs' Complaint. Defendants deny each allegation contained in Plaintiffs' Complaint and each claim for relief which is not expressly admitted or otherwise pled to. Defendants admit, deny, and allege as follows:

2131639.1

# COMPLAINT
## JURISDICTION AND VENUE

1. Paragraph 1 of Plaintiffs' Complaint is not directed to these Answering Defendants. Therefore, no response is required. Defendants affirmatively allege that jurisdiction is appropriate in the United States District Court, for the District of Arizona, where Plaintiffs are bringing claims pursuant to 42 U.S.C. § 1983 for violation of their Fourth, Eighth, and Fourteenth Amendment rights.

2. In Answering Paragraph 2 of Plaintiffs' Complaint, Defendants admit only that Plaintiffs served them with their Notice of Claim. Defendants make no admissions related to the substance of the Notice of Claim and whether it complies with the substantive provisions of A.R.S. § 12-821.01.

3. In Answering Paragraph 3 of Plaintiffs' Complaint, Defendants affirmatively allege that the United States District Court has jurisdiction over Plaintiff's federal law claims as well as Plaintiffs' pendant state law claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441(b) and 28 U.S.C. § 1367.

4. In Answering Paragraph 4 of Plaintiffs' Complaint, Defendants admit only that the parties are residents of Maricopa County, Arizona, and the events underlying this lawsuit occurred in Maricopa County. Defendants affirmatively allege that venue is proper in the United States District Court as Plaintiffs are alleging violation of their federal rights.

## GENERAL ALLEGATIONS

5. Paragraph 5 is not directed to these Answering Defendants. Therefore, no response is required.

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. Paragraph 7 is not directed to these Answering Defendants. Therefore, no response is required.

8. Paragraph 8 is not directed to these Answering Defendants. Therefore, no response is required.

9. In Answering Paragraph 9 of Plaintiffs' Complaint, Defendants admit only that they were employed by the City of Phoenix during the time frames set forth in Plaintiffs' Complaint and were acting within the course and scope of their employment. Defendants deny that the City of Phoenix can be held vicariously liable for the alleged unconstitutional conduct of its officers, employees or agents. Defendants allege that Plaintiffs must comply with *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), when asserting constitutional claims against a municipal entity. The remaining allegations call for legal conclusions and therefore no response is required.

10. The allegations contained in Paragraph 10 of Plaintiffs' Complaint are not directed to these Answering Defendants. Therefore, no response is required. Defendants affirmatively allege that fictitious Defendants are not permitted in federal court and must be dismissed.

11. The allegations contained in Paragraph 11 of Plaintiffs' Complaint are not directed to these Answering Defendants. Therefore, no response is required.

12. In Answering Paragraph 12 of Plaintiffs' Complaint, Defendant Ahmetovic denies that he is married. Defendants deny the remaining allegations in Paragraph 12.

13. The allegations contained in Paragraph 13 of Plaintiffs' Complaint are not directed to this Answering Defendant. Therefore, no response is required. Defendants affirmatively allege that fictitious Defendants are not permitted in federal court and must be dismissed.

**FACTUAL BASIS OF CLAIMS FOR RELIEF**
**INTRODUCTION**

14. Defendants lack sufficient information to form a belief about the truth of the allegations contained in Paragraphs 14, 15, 16, 17, 18, and 19 of Plaintiffs' Complaint, and therefore deny the same.

15. In Answering Paragraph 20 of Plaintiffs' Complaint, Defendants admit only that Lesley Arambula called 911 to report an intruder was in her home and that a previous call had been placed to 911 regarding suspicious activities occurring in the neighborhood, including the fact that a "Hispanic male" had a woman in a headlock.

16. Defendants lack sufficient information to form a belief about the truth of the allegations contained in Paragraphs 21, 22, and 23 of Plaintiffs' Complaint, and therefore deny the same.

17. In Answering Paragraph 24 of Plaintiffs' Complaint, Defendants admit only that officers responded to the area behind the Arambula residence after hearing a loud crashing type sound. Defendants deny the remaining allegations contained in Paragraph 24.

18. Defendants lack sufficient information to form a belief about the truth of the allegations contained in Paragraphs 25 and 26 of Plaintiffs' Complaint and therefore deny the same.

**Officers [Allegedly] Open Fire on Tony Without Caution or Warning**

19. Defendants lack sufficient information to form a belief about the truth of the allegations contained in Paragraphs 27, 28, 29, 30, 31, 32, and 33 of Plaintiffs' Complaint and therefore deny the same.

**Officers' [Allegedly] Continuing Reckless Conduct**

20. In Answering Paragraph 34 of Plaintiffs' Complaint, Defendants admit only that Officer Lilly is a Field Training Officer ("FTO") for the Phoenix Police Department and he was training Officer-in-Training Ahmetovic.

21. Defendants deny the allegations contained in Paragraphs 35 and 36 of Plaintiffs' Complaint.

22. Defendants lack sufficient information to form a belief about the truth of the allegations contained in Paragraphs 37, 38, 39, 40, 41, 42, 43, and 44 of Plaintiffs' Complaint and therefore deny the same.

23. In Answering Paragraph 45 of Plaintiffs' Complaint, Defendants admit only that Tony was taken to the hospital by ambulance. Defendants lack sufficient information to form a belief about the truth of the remaining allegations contained in Paragraph 45 and therefore deny the same.

**Officer Lilly's [Alleged] Admission and the [Alleged] Beginning of a Police Cover-up**

24. Defendant lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 46 of Plaintiffs' Complaint and therefore denies the same.

25. Defendants deny the allegations contained in Paragraph 47 and 48 of Plaintiffs' Complaint.

26. Defendants deny that Officer Lilly opened fire while Tony had his back to him. Defendants lack sufficient information to form a belief about the truth of the remaining allegations contained in Paragraph 49 and therefore deny the same.

27. Defendants deny the allegations contained in Paragraphs 50 and 51 of Plaintiffs' Complaint.

28. Defendants lack sufficient information to form a belief about the truth of the allegations contained in Paragraph 52 of Plaintiffs' Complaint and therefore deny the same.

**Defendants' [Alleged] Continued Callous Treatment of the Arambulas**

29. Defendants lack sufficient information to form a belief about the truth of the allegations contained in Paragraph 53, 54, 55, and 56 of Plaintiffs' Complaint and therefore deny the same.

**The Growing and Uncertain Injury and Harm to the Arambulas**

30. Defendants lack sufficient information to form a belief about the truth of the allegations contained in Paragraphs 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67 and 68 of Plaintiffs' Complaint and therefore deny the same.

31. Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

**Defendants' [Alleged] Outrageous Efforts to [Allegedly] Blame the Arambulas for What Happened**

32. Defendants deny the allegations contained in Paragraphs 70, 71, 72, 73, 74, and 75 of Plaintiffs' Complaint.

33. In Answering Paragraph 76, Defendants admit that Phoenix PD is a good police department with a good reputation. The remaining allegations are not directed to these Answering Defendants. Therefore, no response is required.

34. Defendants lack sufficient information to form a belief about the truth of the allegations contained in Paragraph 77 and 78 of Plaintiffs' Complaint and therefore deny the same.

35. Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

**FIRST CLAIM FOR RELIEF**
**(Negligence-All Defendants)**

36. Paragraph 80 of Plaintiffs' Complaint is not directed to these Answering Defendants. Therefore, no response is required.

37. Paragraph 81 of Plaintiffs' Complaint calls for a legal conclusion and therefore no response is required. Defendants affirmatively allege that the City of Phoenix Police Department is a non-jural entity incapable of being sued.

38. Defendants deny the allegations contained in Paragraph 82 of Plaintiffs' Complaint. Defendants affirmatively alleges that the City of Phoenix Police Department is a non-jural entity incapable of being sued.

39. The allegations contained in Paragraph 83 are not directed to these Answering Defendants. Therefore, no response is required.

40. Paragraph 84 of Plaintiffs' Complaint is not directed to these Answering Defendants. Therefore, no response is required. Defendants affirmatively

allege that the City of Phoenix Police Department is a non-jural entity incapable of being sued.

41. Paragraph 85 calls for a legal conclusion and therefore no response is required. Defendants affirmatively allege that the City of Phoenix Police Department is a non-jural entity incapable of being sued.

42. Defendants deny the allegations contained in Paragraphs 87, 88, 89, and 90 of Plaintiffs' Complaint.  Defendants affirmatively allege that Plaintiffs are not entitled to punitive damages pursuant to A.R.S. § 12-820.04 and that the City of Phoenix Police Department is a non-jural entity incapable of being sued.

**SECOND CLAIM FOR RELIEF**
**(Gross Negligence-All Defendants)**

43. Paragraph 91 is not directed to this Answering Defendant. Therefore, no response is required.

44. Defendants deny the allegations contained in Paragraphs 92, 93, and 94 of Plaintiffs' Complaint.  Defendants affirmatively allege that the City of Phoenix Police Department is a non-jural entity incapable of being sued.

45. Paragraph 95 of Plaintiffs' Complaint calls for a legal conclusion and therefore no response is required.  Defendants affirmatively allege that the City of Phoenix Police Department is a non-jural entity incapable of being sued.

46. Defendants denies the allegations contained in Paragraphs 96, 97, 98, 99, 100, 101, 102, 103, 104, and 105. Defendants affirmatively allege that Plaintiffs are not entitled to punitive damages pursuant to A.R.S. § 12-820.04 and that the City of Phoenix Police Department is a non-jural entity incapable of being sued.

**THIRD CLAIM FOR RELIEF**
**(Violation of 42 U.S.C. § 1983: Unconstitutional Policies, Customs, and Failure to Train- Defendants City, Police and John Doe Supervisors and Jane Doe Supervisors)**

47. Paragraphs 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, and 117 are not directed to these Answering Defendants. Therefore, no response is required. Defendants affirmatively allege that Plaintiffs are not entitled to punitive

damages against the City of Phoenix pursuant to *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981), *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397 (9th Cir. 1991) and *Smith v. Wade*, 103 S.Ct. 1625 (1983), and that the City of Phoenix Police Department is a non-jural entity incapable of being sued.

### FOURTH CLAIM FOR RELIEF
### (Violation of 42 U.S.C. § 1983: Deliberate Indifference to Medical Needs and Excessive Force-All Defendants)

48. Paragraph 118 is not directed to this Answering Defendant. Therefore, no response is required.

49. Paragraph 119 of Plaintiffs' Complaint calls for a legal conclusion and therefore no response is required. Defendants affirmatively allege that the City of Phoenix Police Department is a non-jural entity incapable of being sued.

50. Defendants deny the allegations contained in Paragraphs 120, 121, 122, 123, 123, and 125 of Plaintiffs' Complaint. Defendants affirmatively allege that Plaintiffs are not entitled to punitive damages pursuant to *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981); *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397 (9th Cir. 1991) and *Smith v. Wade*, 103 S.Ct. 1625 (1983), and that the City of Phoenix Police Department is a non-jural entity incapable of being sued.

### FIFTH CLAIM FOR RELIEF
### (False Arrest; Unlawful Detention; False Imprisonment-All Defendants)

51. Paragraph 126 of Plaintiffs' Complaint is not directed to this Answering Defendant. Therefore, no response is required.

52. Defendants deny the allegations contained in Paragraphs 127, 128, 129, 130, 131 and 132 of Plaintiffs' Complaint. Defendants affirmatively allege that Plaintiffs are not entitled to punitive damages pursuant to *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981); *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397 (9th Cir. 1991), *Smith v. Wade*, 103 S.Ct. 1625 (1983), and

A.R.S. § 12-820.04 and that the City of Phoenix Police Department is a non-jural entity incapable of being sued.

### SIXTH CLAIM FOR RELIEF
### (Violations of Arizona Law: Emotional Distress- All Defendants)

53. Paragraph 133 of Plaintiffs' Complaint is not directed to this Answering Defendant. Therefore, no response is required.

54. Defendants deny the allegations contained in Paragraphs 134, 135, 136, 137, 138, and 139 of Plaintiffs' Complaint. Defendants affirmatively allege that Plaintiffs are not entitled to punitive damages pursuant to A.R.S. § 12-820.04 and that the City of Phoenix Police Department is a non-jural entity incapable of being sued.

### JURY TRIAL

55. Defendants admit that Plaintiffs have requested and jury trial and likewise demand a trial by jury on all triable issues.

### AFFIRMATIVE DEFENSES

56. As a separate defense, and in the alternative, these Answering Defendants allege that Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

57. As a separate defense, and in the alternative, these Answering Defendants allege that the City of Phoenix is a governmental entity organized and existing pursuant the statutes and Constitution of the State of Arizona and, as such, the City of Phoenix and its employees, acting within the course and scope of their employment as City employees, are entitled to all the privileges and immunities allowed pursuant to Federal law, including qualified immunity. *See, Hunter v. Bryant*, 112 S. Ct. 534 (1991) and *Saucier v. Katz*, 121 S. Ct. 2151 (2001).

58. As a separate defense, and in the alternative, these Answering Defendants alleges that they did not intend or have the purpose of interfering with Plaintiffs' rights of familial association.

59. As a separate defense, and in the alternative, these Answering Defendants allege that they were not deliberately indifferent to Anthony Arambula's serious medical needs.

60. As a separate defense, and in the alternative, these Answering Defendants allege that none of the Plaintiffs were incarcerated during the time frames set forth in the Complaint and as such they may not assert a claim for violation of their Eighth Amendment rights.

61. As a separate defense, and in the alternative, these Answering Defendants allege that the City of Phoenix is not subject to liability under 42 U.S.C.§ 1983 as Plaintiffs' Complaint fails to comply with the provisions of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

62. As a separate defense, and in the alternative, these Answering Defendants allege that the City of Phoenix Police Department is a non-jural entity incapable of being sued.

63. As a separate defense, and in the alternative, these Answering Defendants alleges that they acted in good faith and without malice.

64. As a separate defense, and in the alternative, Defendants assert that (1) their conduct was not "extreme" and "outrageous"; (2) they did not intend to cause emotional distress or recklessly disregarded the "near certainty" that distress would result from its alleged actions; and (3) Plaintiffs did not suffer severe emotional distress as a result of the Defendant's alleged actions. *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987).

65. Plaintiffs' request for punitive damages is barred. *See, City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981); *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397 (9th Cir. 1991); *Smith v. Wade*, 103 S.Ct. 1625 (1983); and A.R.S. § 12-820.04.

66. As a separate defense, and in the alternative, these Answering Defendants alleges that they acted with probable cause, which is a complete defense to a claim of false arrest, imprisonment, and detention.

67. As a separate defense, and in the alternative, these Answering Defendants allege that the City of Phoenix not have a policy, practice or custom requiring its employees, including police officers to violate the civil rights of persons of citizens, nor did Defendant City of Phoenix have a policy, practice or custom of endorsing or ratifying any such conduct by its employees.

68. As a separate defense, and in the alternative, these Answering Defendants allege that the City of Phoenix did not have a policy, practice or custom requiring its employees, including police officers to act in deliberate indifference to the needs of citizens, nor did Defendant City of Phoenix have a policy, practice or custom of endorsing or ratifying any such conduct by its employees.

69. As a separate defense, and in the alternative, Defendants assert that the use of force was justified under *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865 (1989) and A.R.S. § 13-401 et. seq.

70. As a separate defense, and in the alternative, Defendants assert that their actions did not subject Plaintiffs to an unreasonable risk of harm.

71. As a separate defense, and in the alternative, Defendants assert that it did not place Plaintiffs Lesley Arambula and the minor children in the zone of danger.

72. As a separate defense, and in the alternative, Defendants assert that Plaintiffs Lesley Arambula and the minor children did not witness any injury to Plaintiff Anthony Arambula.

73. As a separate defense, and in the alternative, Defendants assert that Plaintiffs cannot recover for negligent infliction of emotional distress.

74. As a separate defense, and in the alternative, these Answering Defendants allege that any actions they undertook were objectively reasonable under the circumstances then existing.

75. As a separate defense, and in the alternative, these Answering Defendants wish to put Plaintiffs on notice that they may assert that Plaintiffs Lesley and/or Anthony Arambula were comparatively negligent and/or caused or contributed to their injuries should discovery produce information that supports this defense.

76. As a separate defense, and in the alternative, these Answering Defendants wish to put Plaintiffs on notice that they may assert the defenses of assumption of the risk and contributory negligence against Plaintiffs Lesley and/or Anthony Arambula should discovery produce information that supports these defenses.

77. As a separate defense, and in the alternative, these Answering Defendants allege that Plaintiffs may have failed to comply with the substance of the notice of claim statute.

78. As a separate defense, and in the alternative, these Answering Defendants allege that Plaintiffs injuries may have been caused or contributed to by the actions of non-parties at fault Angel Canales and Nicole Knowles.

79. As a separate defense, and in the alternative, these Answering Defendants alleges that Plaintiffs injuries were the result of an intervening/superseding cause or occurred as a result of the negligence of someone other than these Answering Defendants, all of which bars recovery to Plaintiffs herein from these Answering Defendants.

80. These Answering Defendants put Plaintiffs on notice that further affirmative defenses may be added in an amended answer after discovery. These defenses may include any defense set forth in Rule 8(d) and or Rule 12(b), Arizona Rules of Civil Procedure, or as otherwise allowed by law.

WHEREFORE, having fully answered the allegations of Plaintiffs' Complaint, Defendants pray that Plaintiffs' Complaint be dismissed with prejudice, that Plaintiffs take nothing thereby, that Defendants be awarded its costs and attorneys' fees incurred herein, and for such other and further relief as to this Court seems just in the premises.

1

           DATED this 14th day of December, 2009.

2

                                     JONES, SKELTON & HOCHULI, P.L.C.

3

4

                              By   s/ Christina Retts

5                                     Kathleen L. Wieneke
                                    Christina Retts

6                                     2901 North Central Avenue, Suite 800
                                    Phoenix, Arizona  85012

7

                                    Attorneys for Defendants City of Phoenix,

8                                     and City of Phoenix Police Department

9

10 ORIGINAL electronically filed
this 14th day of December, 2009.

11 COPY mailed/e-mailed

12 this 14th day of December, 2009, to:

13 Michael Manning
Leslie E. O'Hara

14 John T. White
Stinson Morrison Hecker LLP

15 1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004

16
Attorneys for Plaintiffs

17

18 _____

19

20

21

22

23

24

25

26

27

28

2131639.1                                        13